CASE 24—PETITION EQUITY—FEBRUARY 4.

## Bacon vs. McDowell.

APPEAL FROM LOUISVILLE CHANCERY COURT.

A petition filed by a husband, for the sale of the real estate of his wife, was amended more than twelve months afterwards, so as to describe the property; the wife failed to answer the amendment, or in any way to consent to a sale of the property therein described. *Held*—That the judgment and sale under it were void.

H. Pope for appellant.

L. H. Rousseau for appellee.

CHIEF JUSTICE DUVALL DELIVERED THE OPINION OF THE COURT:

It sufficiently appears from this record that the original petition described the lot which was asked to be sold as lying in the city of Louisville, on the east side of Second street, between *Walnut and Green* streets. Mrs. McDowell answered this petition, consenting to a sale of the lot. The commissioners report that " she does not own any real estate, except the lot *described in the petition* herein; " and they proceed to state the net value of that lot. On this petition, answer, and report, a decree was rendered, ordering a sale of the lot.

It furthermore appears that Mrs. McDowell owned no lot lying between Walnut and Green streets, but that the lot conveyed to her, and subsequently sold to Bacon, was situated on

the east side of Second street, between Walnut and Chestnut streets. It appears that the petition and the decree were, more than twelve months afterwards, so amended, by interlineation of the record, as to correctly describe the locality of Mrs. McDowell's property; but she never answered the petition as amended, or in any way consented to a sale of the property therein described. Nor does it appear that the commissioners ever reported its value, or whether the interest of the owner required a sale of it to be made.

It is, therefore, obvious that the decree, and the sale at which the appellant purchased, were unauthorized and void, under the statutes regulating sales of lands of infants and married women, and under repeated decisions of this court upon those statutes. No valid decree could have been rendered on the petition, as amended, in respect to so material a matter, without a report of commissioners stating its value and that her interest required a sale of it.

As the purchaser acquired no title, his response to the rule should have been adjudged sufficient, and he released from the purchase. It is, therefore, unnecessary to notice various other irregularities and errors relied on by the appellant in his response and in argument here.

The judgment is therefore reversed, and the cause remanded for a judgment, and further proceedings in conformity with this opinion.